

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00223-CV

Brittany **RETLEDGE** and Arnold LaMotte,
Appellants

v.

**STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS** and Austin
Riley,
Appellees

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-CI-14536
Honorable Solomon Casseb, III, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
               Karen Angelini, Justice
               Irene Rios, Justice

Delivered and Filed:  August 22, 2018

DISMISSED FOR LACK OF JURISDICTION

In their original petition, appellants Brittany Retledge and Arnold LaMotte sued appellees

State Farm County Mutual Insurance Company of Texas and Austin Riley, as well as State Farm

Claims Insurance Department; Barry Stuart, Acting Claims Supervisor; Michael L. Tipsord,

Chairman, President; Bridgecrest Acceptance Corp. and its president Steven P. Johnson; Texas

Geo Bore Drilling, LLC and its president Rachel Marie Garcia; David Christopher Smith; Fred

Loya Insurance, president Fred Loya; and Fred Loya Austin office employees Karina Charre,

Leslie, and Melinda (collectively, "Other Defendants").  Appellees filed a motion to dismiss,

which the trial court granted in an order dated March 29, 2018. The trial court's order did not dismiss the claims against the Other Defendants. Appellants then filed a notice of appeal, stating that they intend to appeal from the trial court's March 29, 2018 order. On May 10, 2019, appellees filed a motion to dismiss this appeal, citing the lack of a final order disposing of all pending parties before the trial court.

A judgment or order is final for purposes of appeal if it actually disposes of all pending parties and claims before the court. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Here, the trial court's March 29, 2018 order is interlocutory because it does not dispose of all parties and causes of action. Further, the appellate record does not indicate the claims against appellees were severed from the claims against the Other Defendants. Thus, the trial court's March 29, 2018 order is not a final and appealable order. Interlocutory orders may be appealed only if a specific statute authorizes such an interlocutory appeal. For example, section 51.014 of the Texas Civil Practice and Remedies Code lists circumstances under which a person may appeal from an interlocutory order of a district court, county court at law, or county court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2017). We cannot, however, find any statutory authority that allows a party to appeal from an interlocutory order such as that in the underlying case.

On June 5, 2018, we ordered appellants to show cause in writing on or before June 20, 2018 why this appeal should not be dismissed for lack of jurisdiction. On June 19, 2018, appellants requested additional time in which to file their response; we granted appellants' request and set their response due on or before July 20, 2018. Appellants have not filed a response.

Accordingly, we grant appellees' motion to dismiss, and we dismiss this appeal for lack of jurisdiction.

PER CURIAM